*Russell & Arvitt,* for appellant.
*R. & F.,* for appellees.

---

## GEORGE V. MORRIS *v.* HAYNER & DUNLEVY,
### AND
## W. O. PHILLIPS *v.* SAME.

**Bailment—Sale.**

Where money is to be paid, and the identical thing in an altered form is not to be restored but merely pledged as a security for the money, such a contract is a sale, and not a bailment.

**Same—Lien for Advancement.**

A contract, "To put to M.'s credit with a transfer thereof, a quantity of the whiskey produced therefrom, free from taxes, etc., an amount of whiskey ample to pay and reimburse said M. for said grant, and he to have a lien upon the whiskey so produced, etc.," held to convey merely a lien upon the whiskey to secure the payment of the agreed price of the grain furnished.

**Same—Notice of Lien.**

Without notice of this lien, purchasers of this whiskey would not be affected by any claims of M.

APPEAL FROM FLEMING CIRCUIT COURT.

January 16, 1872.

OPINION OF THE COURT BY JUDGE LINDSAY:

The sale of the rye by Morris to Hayner & Dunlevy was perfect and complete. It was in no sense a bailment. The contract did not stipulate that Morris was to own any portion of the whiskey manufactured from such rye. Hayner & Dunlevy merely undertook "to put his (Morris) credit with a transfer thereof, and a warehouse receipt therefor, a quantity and portion of the whiskey produced therefrom, free from special taxes and all other charges and expenses an amount of whiskey ample to pay and reimburse said Morris for said grant, and he to have a lien upon the whiskey so produced therefrom to fuly indemnify and save him harmless for said advance and grain so furnished."

The language of the contaract makes it clear that Morris was not to own any part of such whiskey, but merely to hold a lien upon it to secure the payment of the price agreed to be paid for the rye, delivered to Hayner & Dunlevy.

We have been able to find no case in which a contract of this kind has been held a bailment. Where money is to be paid, and the identical thing in an altered form is not to be restored, but merely pledged as a security for the money, it would be dangerous and impolitic to hold such a contract to be a bailment instead of a sale. It is not shown that either of the persons purchasing portions of this whiskey had notice of the lien of Morris, hence it could not be enforced to their prejudice. Upon this branch of the case we think the judgment of the circuit court is clearly right. We also agree with the circuit judge that the sales of whiskey to the De Bees Tub & Cooperage Company, James Hayner & Darnell are not shown to have been made in contemplation of insolvency and to prefer them to the exclusion of other creditors.

At the time these sales were made the circumstances of Hayner & Dunlevy were such that it was possible for them to believe that they would be able to pay all their debts, and the evidence justifies the conclusion that their insolvency was the result of misfortune which prudent men might reasonably have hoped to avert. The statute of 1856 should not be so construed as to prevent persons indebted from attempting to relieve themselves from their embarrassments. The answer of James M. Hayner to the amended petition of Morris charging actual fraud is certainly as specifying as the charges in the amended petition. As to all the appellees

except the firm of Hayner & Dunlevy, the judgment of the circuit court is affirmed.

Against that firm the appellant Morris was entitled to a judgment in personam for the amount of his claim. To this extent the judgment is reversed. Morris is entitled to his costs as against said firm. The remaining appellees are entitled to costs against appellants. The cause is remanded for the correction of the error indicated.

*Cord, appellant.*
*Botts, for appellee.*